**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0433-15T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

  v.

ROSARIO MIRAGLIA,

      Defendant-Appellant.

_____

Submitted October 11, 2017 — Decided October 18, 2017

Before Judges Fisher and Sumners.

On appeal from the Superior Court of New
Jersey, Law Division, Monmouth County,
Indictment No. 05-02-0383.

Joseph E. Krakora, Public Defender, attorney
for appellant (Adam W. Toraya, Designated
Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County
Prosecutor, attorney for respondent (Mary R.
Juliano, Assistant Prosecutor, of counsel and
on the brief).

PER CURIAM

    Defendant was convicted by a jury of the first-degree murders

of Julia Miraglia, his grandmother, and Leigh L. Martinez, his

former girlfriend and the mother of his child, with knives and a

meat cleaver. After the murders, defendant called 9-1-1 and, as police arrived, defendant, who was covered in blood, turned around, put his hands behind his back, and said, "arrest me." When a police officer asked "what's going on," defendant replied: "I killed her, I killed that fucking bitch." The jury rejected defendant's insanity defense, which was based on defendant's assertion that he was Jesus Christ and on a mission from God.

Defendant was sentenced to two consecutive terms of imprisonment for life without the possibility of parole. He filed a direct appeal, arguing the trial judge erred in: finding him competent to stand trial; denying his attorney's application, which defendant opposed, for a bench trial; and instructing the jury on the insanity defense. We rejected these arguments and affirmed the judgment of conviction, State v. Miraglia, No. A-0407-09 (App. Div. 2013), and the Supreme Court denied defendant's petition for certification, 216 N.J. 8 (2013).

Defendant filed a pro se post-conviction relief (PCR) petition five years and two-and-one-half months after entry of the judgment of conviction, arguing he was denied the effective assistance of trial counsel because, among other things, counsel proceeded against his wishes in urging an insanity defense, in opposing defendant's attempts to represent himself, in pursuing a bench trial, and in failing to seek suppression of his statements

to police. Defendant also asserted he was denied the effective assistance of appellate counsel because that attorney did not advocate defendant's arguments about self-representation and his trial attorney's failure to pursue his wishes. The PCR judge[1] denied relief without permitting an evidentiary hearing. He determined that the PCR petition was time-barred because defendant failed to file within five years of the judgment's entry, R. 3:22-12(a)(1), and because defendant also failed to show excusable neglect or other interest-of-justice grounds for permitting consideration of the untimely PCR petition. Notwithstanding the procedural bar, the PCR judge considered the merits of defendant's arguments and rejected those assertions as well.

As for defendant's contentions about his trial counsel's failure to pursue his insistence upon a jury trial and the exercise of his right to testify, the judge correctly observed that defendant received the trial of his choosing and testified on his own behalf. In examining the trial transcript, the PCR judge also found that counsel adequately communicated to the trial judge defendant's desire to represent himself — a request the trial judge rejected because of defendant's "delusional thinking." The PCR judge also found no merit in the contention that trial counsel

---

[1] By this time, the trial judge had retired.

A-0433-15T3

should have moved to suppress defendant's statements to police because some statements were uttered during his 9-1-1 call and others were made as police arrived and were attempting to ascertain the nature of the disturbance. We agree that Miranda had no impact at those times because its principles were not intended to hamper or inhibit police in engaging in "on-the-scene questioning as to facts surrounding a crime or general questioning of citizens in the fact-finding process." Miranda v. Arizona, 384 U.S. 436, 477, 86 S. Ct. 1602, 1629, 16 L. Ed. 2d 694, 725 (1966). In responding to the 9-1-1 dispatcher and in blurting out statements to the police officer as he arrived on the scene, defendant was neither under arrest nor undergoing custodial interrogation. State v. Smith, 374 N.J. Super. 425, 430-31 (App. Div. 2005). A suppression motion would not have been successful.

The record also reveals that counsel moved for suppression but ultimately withdrew the motion because these statements and others made by defendant were integral to the insanity defense, the pursuit of which constituted a reasonable strategic approach in this case.

Defendant appeals, arguing:

> I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT

HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION IN HIS CASE.

II. THE COURT MISAPPLIED ITS DISCRETION IN APPLYING R. 3:22-4, R. 3:22-5 AND R. 3:22-12, AS PROCEDURAL BARS AGAINST THE DEFENDANT'S FILING FOR POST CONVICTION IN THIS CASE.

We find insufficient merit in these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(2), and affirm substantially for the reasons set forth by Judge Joseph W. Oxley in his thorough and well-reasoned written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0433-15T3